UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DARREN W. HARPER,<br><br>        Plaintiff,<br><br>  v.<br><br>DIEBOLD INCORPORATED, a foreign corporation,<br><br>        Defendant. | Case No. 1:12-cv-031-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

The Court has before it Defendant's Motion to Dismiss (Dkt. 4) pursuant to

Federal Rule of Civil Procedure 12(b)(6). Also before the Court is Plaintiff's Motion to

Amend Complaint (Dkt. 11) pursuant to Rule 15(a). The motions are fully briefed and at issue. For the reasons expressed below, the Court will GRANT the Motion to Dismiss with leave to amend and DENY as moot the Motion to Amend the Complaint.

## BACKGROUND

On December 16, 2011, Plaintiff Darren Harper filed a Complaint in the District Court of the Fifth Judicial District of Idaho, in and for the County of Jerome, asserting state law claims for breach of contract and unpaid wages against Defendant Diebold Incorporated. *Compl.*, Dkt. 1-1. Plaintiff alleges that Diebold breached its Separation Benefits Plan and failed to pay him benefits pursuant to the terms of the plan, which Diebold contends is an employee benefit plan as defined by the Employee Retirement Income Security Act ("ERISA"). *Id.* at ¶ 3-7; *Def.'s Br.* at 2, 9-18, Dkt. 4. As a result, Diebold removed the action to federal court and filed a Motion to Dismiss Plaintiff's state law claims. *Compl.*, 1-2, Dkt. 1.

Meanwhile, Plaintiff moved to amend his Complaint, asserting an ERISA claim in addition to his existing state law claims. *Am. Compl.* 1, Dkt. 11. While Defendant does not object to Plaintiff proceeding solely on a claim under ERISA, Diebold takes issue with the Amended Complaint because it asserts both state law and ERISA claims. Accordingly, Diebold opposes Plaintiff's Motion to Amend Complaint and objects to Plaintiff's proposed Amended Complaint in its current form. *Def's Resp.* at 2, Dkt. 15.

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964 (2007). While a complaint attacked by a Rule 12(b)(6) motion to dismiss "does not need detailed factual allegations," it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id*. at 557.

In a more recent case, the Supreme Court identified two "working principles" that underlie *Twombly*. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. *Id*. "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at

1950.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.  *Id.*  "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.*

Providing too much in the complaint may also be fatal to a plaintiff.  Dismissal may be appropriate when the plaintiff has included sufficient allegations disclosing some absolute defense or bar to recovery.  *See Weisbuch v. County of L.A.*, 119 F.3d 778, 783, n. 1 (9th Cir. 1997) (stating that "[i]f the pleadings establish facts compelling a decision one way, that is as good as if depositions and other . . . evidence on summary judgment establishes the identical facts").

A dismissal without leave to amend is improper unless it is beyond doubt that the complaint "could not be saved by any amendment."  *Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009)(issued 2 months after *Iqbal*).[1]  The Ninth Circuit has held that "in dismissals for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."  *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Service, Inc.,* 911 F.2d 242, 247 (9th Cir. 1990).  The

---

[1] The Court has some concern about the continued vitality of the liberal amendment policy adopted in *Harris v. Amgen*, based as it is on language in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), suggesting that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim. . .."  Given *Twombly* and *Iqbal*'s rejection of the liberal pleading standards adopted by *Conley,* it is uncertain whether the language in *Harris v. Amgen* has much of a life expectancy.

issue is not whether plaintiff will prevail but whether he "is entitled to offer evidence to support the claims." *Diaz v. Int'l Longshore and Warehouse Union, Local 13*, 474 F.3d 1202, 1205 (9th Cir. 2007)(citations omitted).

Under Rule 12(b)(6), the Court may consider matters that are subject to judicial notice. *Mullis v. United States Bank*, 828 F.2d 1385, 1388 (9th Cir. 1987). The Court may take judicial notice "of the records of state agencies and other undisputed matters of public record" without transforming the motions to dismiss into motions for summary judgment. *Disabled Rights Action Comm. v. Las Vegas Events, Inc.,* 375 F.3d 861, 866 (9th Cir. 2004)**.** The Court may also examine documents referred to in the complaint, although not attached thereto, without transforming the motion to dismiss into a motion for summary judgment. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

## ANALYSIS

"ERISA is a comprehensive statute designed to promote the interest of employees and their beneficiaries in employee benefit plans." *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 136 (1990) (internal citation omitted). ERISA's broad preemption provision proscribes interference with rights protected by ERISA – including state laws and state causes of action related to an employee benefit plan. 29 U.S.C. § 1144(a)[1]; *see also Ingersoll-Rand Co.*, 498 U.S. at 137-138. "Even claims brought under state law doctrines that do not explicitly refer to employee benefit plans are preempted when the claims arise from the administration of such plans whether directly or indirectly." *Gibson*

---

[1] "[T]he provisions of this subchapter … shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan…" 29 U.S.C. § 1144(a).

v. *Prudential Ins. Co.*, 915 F.2d 414, 416 (9th Cir. 1990) (internal citations omitted); *see also Lafferty v. Solar Turbines Int'l*, 666 F.2d 408 (9th Cir. 1982) (common law breach of contract cause of action preempted by ERISA). Therefore, ERISA preempts state law contract and wage claims to the extent that such claims relate to employee benefit plans. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47-48 (1987) (common law causes of action based on employee benefit plan "undoubtedly meet the criteria for preemption").

Plaintiff's Complaint contains two causes of action – one for breach of contract and the other for unpaid wages – both of which are based on state common law theories of liability. *Compl.* ¶¶ 3-10, Dkt. 1-1. Thus, Plaintiff's Complaint fails to state any plausible claim upon which relief can be granted because his state law claims are based directly upon the Separation Benefits Plan, and therefore fall directly under ERISA's broad preemption. *Def.'s Br.* at 3, Dkt. 4. Because ERISA preempts such causes of action, the Court is compelled to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) insofar as it relates to a cause of action based on state law.

Likewise, Plaintiff cannot proceed on both state law and ERISA claims because his state law claims are preempted by ERISA. *Def.'s Resp.* at 2, Dkt. 15; *Am. Compl.* ¶ 3, Dkt. 11. Therefore, consistent with the Court's ruling to dismiss Plaintiff's state law claims, Plaintiff's Motion to Amend Complaint is moot inasmuch as it seeks to assert state law claims. Accordingly, the Court will deny Plaintiff's Motion to Amend Complaint in its current form. The Court will, however, grant leave for Plaintiff to amend his original complaint to assert his ERISA claims.

## ORDER

**IT IS ORDERED:**

1. Defendant's Motion to Dismiss (Dkt. 4) is **GRANTED WITH LEAVE TO AMEND THE COMPLAINT**.

2. Plaintiff's Motion to Amend Complaint (Dkt. 11) is **DENIED AS MOOT**.

DATED: April 25, 2012

B. Lynn Winmill
Chief Judge
United States District Court