UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DARREN W. HARPER,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>DIEBOLD INCORPORATED, a foreign corporation,<br><br>　　　　　Defendant. | Case No. 1:12-cv-00031-BLW<br><br>**ORDER SETTING TRIAL AND PRETRIAL CONFERENCE** |

　　　　On April 17, 2013, the Court held a status conference for the purpose of setting a trial date in this matter. Based on that conference, the Court issues the following order:

　　　　**IT IS ORDERED** that the following deadlines and procedures shall govern the remainder of this litigation:

1.　　Trial Date: A **2-day** court trial shall be set for **June 25 and 26, 2013, at 8:30 a.m.** in the Federal Courthouse in **Boise, Idaho**. Trial shall commence at 8:30 a.m. and end at 2:30 p.m. each day, with two fifteen minute breaks. The Court has found that this schedule typically allows the Court to hear as much testimony as a 9-5 schedule with longer breaks and a lunch hour. Hoever, if counsel feel that they need the 9-5 schedule instead of the 8:30-2:30 schedule, they must contact Jeff Severson immediately upon receiving this Order, and the Court will consider changing the schedule.

2.　　Pretrial Date: A telephonic pretrial conference shall be held on **June 4, 2013, at 11:00 a.m.** Counsel for Plaintiff shall initiate the call. The Court

      can be reached at (208) 334-9145.  The purpose of the conference is to discuss and resolve (1) the legal issues remaining in the case; (2) evidentiary issues; (3) trial logistics; and (4) any other matter pertaining to the trial.  Not less than twenty days prior to the date of the pretrial conference, the parties shall communicate and reach agreement on as many items as possible.  The parties shall be prepared to discuss with the Court those items over which counsel disagrees.

3. <u>Rule 702 Motions</u>:  In cases involving serious *Daubert* issues, the parties shall contact Jeff Severson on or before **<u>May 8, 2013</u>** to determine whether a hearing is necessary.

4. <u>Witness Lists</u>:  The parties shall exchange witness lists on or before **<u>May 20, 2013</u>**.  The witness lists shall contain the material listed in F.R.C.P. 26(a)(3)(A)&(B), and shall include a full summary, not just the subject, of the witnesses' expected testimony.

5. <u>Exhibit Lists, Exhibits, Trial Briefs and Motions in Limine</u>:  All exhibit lists, trial briefs, and motions in limine shall be filed with the Court on or before **<u>May 20, 2013</u>**.  On the same date the parties shall exchange all trial exhibits, but shall not provide them to the Court until the day of trial.  Counsel shall only provide the Court with a set of original pre-marked exhibits.  Because of the use of electronic evidence presentation systems, it is unnecessary to provide any copies.  Counsel may wish to have available in the courtroom a copy of any exhibits which the Court may find difficult to review through the evidence presentation system.  The

exhibit lists shall follow the guidelines set out in Local Rule 16.3(f) to the extent it is not inconsistent with this Order.  The exhibit lists shall be prepared on form provided by the Deputy Clerk, with sufficient copies for the Judge, the Deputy Clerk, and the Law Clerk.  Exhibit numbers 1 through 999 shall be reserved for joint exhibits; exhibit numbers 1000 through 1999 shall be reserved for plaintiff's exhibits; exhibit numbers 2000 through 2999 shall be reserved for the first defendant listed on the caption; exhibit numbers 3000 through 3999 shall be reserved for the second defendant listed on the caption; and so on.  Counsel shall review their exhibits, determine any duplication, and jointly mark and stipulate to the admission of those exhibits that both sides intend to offer and rely upon.  The proposed jury instructions shall follow the guidelines set out in Local Rule 51.1 to the extent it is not inconsistent with this Order.  Additionally, counsel shall provide a clean copy of the Jury Instructions to the Court in Word or WordPerfect format and emailed to BLW_orders@id.uscourts.gov.

6. <u>Settlement/Mediation Deadline</u>: The parties agree that they shall notify the Court on or before <u>May 13, 2013</u> that the case has either settled or will definitely go to trial.

7. <u>Trial Procedures</u>:

   b. Counsel shall exercise good faith in attempting to reach a stipulation on undisputed facts and admission of exhibits.

c. During trial, the Court will hear testimony the entire trial day between 8:30 a.m. and 2:30 p.m., except for two standard fifteen minute morning and afternoon recesses.

d. Counsel shall have enough witnesses ready to ensure a full day of testimony. If witnesses are unavoidable delayed, counsel shall promptly notify the court and opposing counsel.

e. When counsel announce the name of a witness called to testify, the Court or the clerk will summon the witness forward to be sworn, the clerk will administer the oath and, after the witness is seated, ask the witness to state her or his name and spell her or his last name for the record. I will then indicate to counsel that she or he may inquire of the witness.

f. Your clients and your witnesses should be instructed that they should always refer to you and opposing counsel by last names.

j. To ensure that trial proceeds as scheduled, I will divide the parties' time and hold counsel to that time by keeping them "on the clock." This process will be discussed in more detail at the Pre-Trial Conference.

DATED: April 26, 2013

_____
B. Lynn Winmill
Chief Judge
United States District Court